UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LLOYD FRANCIS and HAZEL FRANCIS,

                             Plaintiffs,

     -against-

WMC MORTGAGE CORP., LONG ISLAND
HOME MORTGAGE CORP., BANK OF AMERICA,
N.A. and BAC HOME LOANS SERVICING, LP,

                             Defendants.
-------------------------------------------------------------------x

Docket No.:
11-cv-5845
(LDW AKT)


# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, WMC MORTGAGE LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Kenneth S. Pelsinger
Kenneth S. Pelsinger, P.C.
Attorney for Plaintiffs
3601 Hempstead Turnpike
Suite 305
Levittown, NY 11756
Tel: (516) 784-5225

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT……………………………………………………………1

BACKGROUND AND RELEVANT FACTS……………………………………………..2

ARGUMENT………………………………………………………………………………..5

POINT I   WMC'S MOTION TO DISMISS PURSUANT FRCP
          RULE 12(b)(6) MUST BE DENIED……………………………………5

POINT II  THE RELEVANT STATUTES OF LIMITATION
          SHOULD BE EQUITABLY TOLLED……………………………………7

     A.   The statute of limitations should be tolled on Plaintiffs'
               cause of action pursuant to New York State
               General Business Law § 349…………………………………………8

     B.   The statute of limitations should be tolled on Plaintiffs'
               causes of action brought pursuant to TILA and HOEPA……………9

POINT III PLAINTIFF'S STATUTORY CLAIMS ARE MERITORIOUS
          AND THUS DISMISSAL IS NOT WARRANTED AT THIS TIME………10

     A.   WMC failed to comply with TILA and HOEPA………………………10

     B.   Plaintiffs' General Business Law § 349 claim is meritorious…………11

POINT IV  PLAINTIFF SUFFICIENTLY PLEAD A CAUSE OF ACTION
          FOR FRAUD………………………………………………………………13

POINT V   PLAINTIFFS SHOULD BE GRANTED LEAVE
          TO SERVE AND FILE AN AMENDED COMPLAINT……………………16

CONCLUSION……………………………………………………………………………..16

## **PRELIMINARY STATEMENT**

This is an action is brought by Plaintiffs against Defendants for fraud, predatory lending, violations of the Truth and Lending Act codified as 15 U.S.C. § 1601 *et seq.* (hereinafter referred to as "TILA"), violations of Home Ownership Equity Protection Act as set forth by 15 U.S.C. § 1639 (hereinafter referred to as "HOEPA"), violations of New York State Banking Law and deceptive business practices pursuant to New York General Business Law ("NYGBL") § 349, and injunctive relief related to a mortgage loan and note in the amount of $425,000.00 executed and delivered by Plaintiffs on or about August 9, 2006, and secured by the premises known as and located at 260 Westbury Boulevard, Hempstead, New York, 11550 (hereinafter referred to as the "premises" or "subject premises").

Plaintiffs' action seeks awards of actual, statutory, compensatory and punitive damages, costs and reasonable attorney fees from Defendants pursuant to their causes of action, and an award of equitable and declaratory relief rescinding the subject mortgage loan and declaring the subject mortgage loan null and void, the return of any payments made by Plaintiffs pursuant to the mortgage, termination of any security interest in premises obtained pursuant to the subject mortgage loans, assignment and or foreclosure thereof, and an injunction preliminary and permanently restraining and enjoining Defendants and or their agents, attorneys or Referee from proceeding with any foreclosure action against Plaintiffs in the Supreme Court, Nassau County.

Defendant, WMC MORTGAGE CORP.'s alleged successor in interest, WMC Mortgage, LLC (hereinafter referred to as "WMC") now moves pursuant to FRCP Rule 12(b)(6) to dismiss Plaintiff's Complaint in its entirety on the grounds that the suit is time barred pursuant to the applicable statutes of limitations, that Plaintiffs failed to plead their fraud claim with particularity

1

and that Plaintiffs' claim for injunctive relief because it allegedly not a separate and substantive claim.

For the reasons set forth herein it is respectfully submitted that Defendant, WMC's Motion must be denied in their entirety, together with such other and further relief as this Court deems just and proper.

## BACKGROUND AND RELEVANT FACTS

WMC is the loan originator for the subject mortgage secured by the subject premises and corresponding note. Defendant, LONG ISLAND HOME MORTGAGE CORP. (hereinafter referred to as "LIHMC") is the mortgage broker for the mortgage secured by the subject premises and corresponding note. Defendant, BANK OF AMERICA (hereinafter referred to as "BOA") is the alleged current owner and holder of the mortgage and corresponding note, as the successor in interest of WMC and or assignee. Upon information and belief, Defendant, BAC HOME LOANS SERVICING, LP (hereinafter referred to as "BAC") is the current mortgage servicer.[1]

Prior to the closing of the subject mortgage loan transaction, Plaintiffs were solicited by WMC's agent, LIHMC to refinance their then current mortgage held by Saxon Mortgage secured by the subject premises. LIHMC presented Plaintiffs with an application in connection with the subject refinancing advised them the subject refinancing would be a mortgage in the loan principal amount of $425,000, to be secured by the subject premises. Plaintiffs were also

---

[1] As discussed below, a foreclosure action was commenced against Plaintiffs in the Supreme Court, Nassau County under index number 001404/2012. Plaintiff in the foreclosure action, HSBC Bank USA, National Association, as Trustee for the Certificate holders of Ace Securities Corp. Corp., Home Equity Loan Trust, Series 2007-WM1, Asset-Backed Pass-Through Certificates (hereinafter referred to as "HSBC Bank USA Trustee"), alleged it is "owner and/or holder of the subject Note and Mortgage or has been delegated the authority to institute a mortgage foreclosure action by the owner and/or holder of the subject Note and Mortgage".

promised by LIHMC that they would receive cash up front in an amount greater than $8,000, at the time of closing of the subject mortgage loan.

LIHMC failed thereafter to provide Plaintiffs directly with any written disclosure concerning the subject mortgage loan. Plaintiffs instead received such disclosure materials from the lender, WMC. Neither LIHMC nor WMC took any action to verify Plaintiffs' income, but instead significantly inflated Plaintiffs' income as a means to ensure that Plaintiffs would qualify for the subject loan.

On or about August 9, 2006, Plaintiffs attended the closing of the subject transaction and executed and delivered a mortgage secured by the subject premises and corresponding note to WMC in the amount of $425,000.00. At the closing, WMC provided Plaintiffs with various incomplete and unexecuted documents and disclosures in addition to copies of the U.S. Department of Housing and Urban Development Settlement Statement (the "HUD-1A Settlement Statement"), Federal Truth in Lending Disclosure Statement (hereinafter referred to as the "TILA Disclosure Statement"), Notice of Right to Cancel, the subject mortgage and corresponding adjustable rate note.

The HUD-1A Settlement Statement itemized settlement charges in the amount of $24,017.50, including a $13,812.50 broker origination fee and $595.00 application fee both payable to LIHMC, $392,589.89 disbursements to others, including the payoff of Plaintiffs' mortgage with Saxon Mortgage and only a $8,392.51 cash out disbursement to the Plaintiffs.

Plaintiffs did not receive, among other things, a completed Uniform Residential Loan Application, Variable Rate Promissory Note, an Adjustable Rate Rider, an Equal Credit Opportunity Act Disclosure, a Fair Housing Act Disclosure, a Privacy Disclosure, a Patriot Act

Disclosure, or a Consumer Credit Score Disclosure, at the closing of the subject mortgage transaction.

Plaintiffs were not represented by an attorney at the closing of the subject mortgage loan, a consumer credit transaction, as WMC and LIHMC made no attempts or provide for retention of counsel on Plaintiffs' behalf.

In short, WMC and its agent, LIHMC, made a predatory mortgage loan to Plaintiffs based upon a variety of false, fraudulent and deceptive acts and statements upon which Plaintiffs relied. Defendants knowingly engaged in conduct which completely violated the applicable procedures set forth within TILA and Federal Reserve Board Regulation Z, as well as disclosure requirements mandated by the statutes. Defendants also failed to undertake any measures necessary to verify Plaintiffs' employment income information, as set forth by HOEPA.

Furthermore, the conduct engaged in by WMC and its agent, LIHMC in connection with the origination, processing and consummation of the subject loan were materially misleading, knowingly deceptive, and unlawful, and as such, constituted violations of the New York State Deceptive Acts and Practices Statute, as codified by New York State General Business Law § 349; and further, Defendants' conduct with respect to the creation of the subject mortgage loan involved several fraudulent misrepresentations and concealment of material facts. Moreover, a foreclosure action was now commenced against Plaintiffs by HSBC Bank USA Trustee in the Supreme Court, Nassau County.

BOA and BAC (in addition to HSBC Bank USA Trustee) are vicariously liable for WMC and LIHMC acts and omissions as successors in interest and the purported owner and holder of the subject mortgage and note.

4

# ARGUMENT

## POINT I

### WMC'S MOTION TO DISMISS PURSUANT FRCP RULE 12(b)(6) MUST BE DENIED

On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all of the well pleaded facts as true and consider those facts in the light most favorable to the plaintiff. *See Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). On such a motion, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236. A complaint should not be dismissed for failure to state a claim "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980)). When determining the sufficiency of a claim under Rule 12(b)(6), the court is normally required to consider only the allegations in the complaint. However, the court is allowed to consider documents outside the pleading if the documents are integral to the pleading or subject to judicial notice. See *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006).

The Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167

5

L. Ed. 2d 929 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556-57).

As discussed below, Defendant's Motions to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) must be denied in their entirety because Plaintiffs plead allegations that sufficiently state causes of action against WMC for statutory violations and common law fraud. Plaintiff's Affidavit verifies these allegations. In the alternative, Plaintiffs should be granted leave to amend their Complaint. Furthermore, because the Court should not dismiss Plaintiffs' causes of action for statutory violations and common law fraud, it need not decide the issue whether Plaintiffs' claim for injunctive relief should be dismissed.

## POINT II

## THE RELEVANT STATUTES OF LIMITATION SHOULD BE EQUITABLY TOLLED

A statute of limitations may be tolled in extraordinary circumstances, if a plaintiff establishes that: (1) the defendant concealed from him the existence of his cause of action; (2) he remained in ignorance of that cause of action until some length of time within the statutory period before commencement of his action; and (3) his continuing ignorance was not attributable to lack of diligence on his part. *State of N.Y. v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988); *see also Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 349-50, 22 L. Ed. 636 (1874). Where equitable tolling is properly invoked, a court must discern the point at which the plaintiff knew or should have known of the legal claim. In matters of fraud and discrimination, including predatory lending cases, plaintiffs are deemed to be aware of their right of action from the point at which they met with counsel. See *Jones v. Ford Motor Credit Co.*, 2002 U.S. Dist. LEXIS 1098, 2002 WL 88431. Overall, absent legal counsel, the unfavorable terms of an agreement are not necessarily sufficient to provide reasonable notice of legally cognizable harm. See *Phillips v. Better Homes Depot, Inc.* 2003 U.S. Dist. LEXIS 27299.

Federal courts first began to equitably toll statutes of limitations in the context of actions based on fraud. *See Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir. 1985) (citing *Bailey v. Glover*, 88 U.S. 342, 21 Wall. 342, 22 L. Ed. 636). In fraud, the defendant's own actions are intentionally taken to prevent the plaintiff from being aware that he or she has a potential cause of action. The courts recognized that in such circumstances, strict application of a statute of limitations was inappropriate. *See Holmberg v. Armbrecht*, 327 U.S. 392, 396, 66 S. Ct. 582, 90 L. Ed. 743 (1946) (finding that "fraudulent conduct on the part of the defendant may have prevented the plaintiff from being diligent and may make it unfair to bar

7

appeal to equity because of mere lapse of time."). The essence is that "a statute of limitations does not run against a plaintiff who is unaware of his cause of action." *Id.* at 48 (quoting Long v. Abbott Mortgage Corp.. 459 F. Supp. 108, 113 (D. Conn. 1978)). Now, "[t]his equitable doctrine is read into every federal statute of limitation." *Holmberg,* 327 U.S. at 397. Specifically, it "has been applied in cases alleging causes of action other than fraud where the facts show that the defendant engaged in conduct, often itself fraudulent, that concealed from the plaintiff the existence of the cause of action." *Cerbone,* 768 F.2d 48 (*citing Barrett v. United States*, 689 F.2d 324, 327-30 (2d Cir. 1982).

### A. The statute of limitations should be tolled on Plaintiffs' cause of action pursuant to New York State General Business Law § 349.

For the purposes of the Plaintiff's New York State GBL claim, the Court must turn to the New York state standard for equitable tolling. The state standard for equitable tolling is substantially similar to the federal standard. In New York, equitable tolling is applicable where: (1) the defendant has wrongfully deceived or misled the plaintiff in order to conceal a cause of action, and (2) the plaintiff's failure to commence the action within the statutory period is not due to lack of diligence on her part. *See, e.g., Gleason v. Spota,* 194 A.D.2d 764, 599 N.Y.S.2d 297 (N.Y. App. Div. 1993); *Ramsay v. Imogene Bassett Hosp.*, 113 A.D.2d 149, 495 N.Y.S.2d 282 (N.Y. App. Div. 1985).

In the instant action, the statute of limitations on Plaintiffs' General Business Law § 349 claim should be equitably tolled until Plaintiff's first meeting with her attorney on or about October, 2011. At that time they discovered the alleged fraud and New York State statutory violations at issue in this case, and which would permit Plaintiff's Complaint filed on December to fall within the three year statute of limitations for this claim, and, therefore, this cause of

8

action is timely, and cannot be dismissed as time-barred. Furthermore, as discussed in greater detail below, Plaintiffs claim is meritorious because it is clear the underlying mortgage transaction was consumer orientated, that WMC and its agent, LIHMC misrepresented to Plaintiffs they would receive cash up in an amount greater than $8,000 at the time of closing of the subject mortgage loan, and that Plaintiffs therefore, sustained damages.

> **B.      The statute of limitations should be tolled on Plaintiffs' causes of action brought pursuant to TILA and HOEPA.**

"[I]n cases involving TILA, 'the courts have held uniformly that fraudulent conduct *beyond the nondisclosure itself* is necessary to equitably toll the running of the statute of limitations[,]' . . . because if the very nondisclosure or misrepresentation that gave rise to the TILA violation also tolled the statute of limitations, the effect of the statute of limitations would be nullified." *Cardiello*, 2001 U.S. Dist. LEXIS 7107, 2001 WL 604007, at *5 (emphasis added) (citations omitted) (quoting *Pettola v. Nissan Motor Acceptance Corp.*, 44 F. Supp. 2d 442, 450 (D. Conn. 1999)); *see also Jones v. Saxon Mortg., Inc.*, 980 F. Supp. 842, 846 (E.D. Va. 1997) ("[F]raudulent concealment requires some act in addition to the commission of the initial fraudulent act because it implies conduct affirmatively directed at deflecting litigation." (alteration and internal quotation marks omitted)). TILA's statute of limitations also applies to HOEPA claims. See 15 USC § 1640(e); *Mercado v. Playa Realty Corp.*, No. 03 Civ. 3427, 2005 U.S. Dist. LEXIS 14895 (EDNY July 7, 2005).

To warrant equitable tolling, Plaintiffs must plead that Defendants took some action to conceal the TILA violations during the one-year applicable statutory period following the consummation of the loan on October 12, 2005. *See McAnaney*, 2007 U.S. Dist. LEXIS 67552, 2007 WL 2702348, at *7. Here, Plaintiffs allege that they first became aware of the TILA and

9

HOEPA claims when they first met with their attorney in October, 2011, and presented the incomplete Notice of Cancellation that failed to provide adequate notice when the subject mortgage loan could be cancelled, and, thus, the Court should conclude that equitable tolling is appropriate in this case. *Phillips v. Better Homes Depot, Inc.*, No. 02-CV-1168, 2003 U.S. Dist. LEXIS 27299, 2003 WL 25867736, at *25 (E.D.N.Y. Nov. 12, 2003) (finding that equitable tolling was warranted where the plaintiff alleged that she did not become aware of the claim until she met with an attorney on a specified date less than two years before she filed her complaint); *Jones v. Ford Motor Credit Co.*, No. 00-CV-8330, 2002 U.S. Dist. LEXIS 1098, 2002 WL 88431, at *5 (S.D.N.Y. Jan. 22, 2002) (same).

## POINT III

## PLAINTIFF'S STATUTORY CLAIMS ARE MERITORIOUS AND THUS DISMISSAL IS NOT WARRANTED AT THIS TIME

### A. WMC failed to comply with TILA and HOEPA.

TILA together with the Federal Reserve System's Regulation Z was promulgated to promote the informed use of consumer credit by requiring disclosures about a loan's terms and costs and also gives consumers the right to cancel credit transactions secured by a lien on the principal dwelling. See 12 C.F.R. §226.1. Here, Plaintiffs sets forth numerous TILA violations by WMC and its agent, LIHMC precluding dismissal of the action. Foremost, Plaintiffs was not provided with two (2) signed and dated Notices of Right to Cancel for either mortgage. Nor were Plaintiffs advised of their three day right to cancel/cooling off period in any of the documents provided at closing or by any of the parties present at the closing, including the Defendants and their attorney or settlement agent, and, therefore, Defendants are in violation of TILA. See 15 U.S.C. §§ 1635(a), Reg. Z, 12 C.F.R. §§ § 226.15, 18, 23; *see also Andrews v.*

10

*Chevy Chase Bank*, 545 F.3d 570, 573 (7th Cir. 2008); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760, 766 (7th Cir. 2006).

Thus, it is evident that Defendants knowingly engaged in conduct which completely violated the applicable procedures set forth within TILA and Federal Reserve Board Regulation Z, as well as disclosure requirements mandated by the statutes. In this regard, WMC provided Plaintiffs with various incomplete and unexecuted documents and disclosures at the closing, and therefore, dismissal of Plaintiffs' TILA cause of action is unwarranted at this time. It follows that Plaintiffs' HOEPA claim must also survive WMC's Motion in light of it and its agent, LIHMC's failure to take any steps whatsoever to verify Plaintiffs' income when underwriting the subject mortgage loan.

### B. Plaintiffs' General Business Law § 349 claim is meritorious.

A plaintiff failing to adequately plead a fraud claim does not necessarily also fail to plead a claim under GBL § 349. See, e.g., *Ng v. HSBC Mortg. Corp.*, NO. 07-CV-5434, 2010 U.S. Dist. LEXIS 40109, 2010 WL 889256, at * 14 (E.D.N.Y. March 10, 2010) ("Deceptive conduct that does not rise to the level of actionable fraud, may nevertheless form the basis of a claim under New York's Deceptive Practices Act, which was created to protect consumers from conduct that might not be fraudulent as a matter of law, and also relaxes the heightened standards required for a fraud claim."); *Williams v. Aries Financial, LLC*, No. 09-CV-1816, 2009 U.S. Dist. LEXIS 107812, 2009 WL 3851675, at *10 (E.D.N.Y. Nov. 18, 2009) (granting the motion to dismiss the fraud claim for failure to plead with particularity under Rule 9(b), but denying the motion to dismiss the Consumer Protection Act claim).

Here, Plaintiffs alleges that Defendants violated New York's Deceptive Practices Act, General Business Law § 349, through various misrepresentations amounting to fraud. Section

11

349 makes it unlawful to engage in "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of service in [New York]." N.Y. Gen. Bus. Law § 349(a). It provides a cause of action to "any person who has been injured by reason of any violation" of the Act, and provides for the recovery of actual damages. *Id.* § 349(h). A consumer asserting injury under the Act must show: (1) a "consumer-oriented" practice that was (2) materially misleading or deceptive, and (3) that the plaintiff suffered an injury as a result. *Champion Home Builders Co. v. ADT Sec. Servs., Inc.*, 179 F. Supp. 2d 16, 27 (N.D.N.Y. 2001).

"The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods usually by way of false and misleading advertising." *Genesco Entm't v. Koch*, 593 F. Supp. 743, 751 (S.D.N.Y. 1984). "The statute was meant to empower consumers; to even the playing field in their disputes with better funded and superiorly situated fraudulent businesses. It was not intended to supplant an action to recover damages for breach of contract between parties to an arm's length contract." *Teller v. Hayes, Ltd.*, 213 A.D.2d 141, 630 N.Y.S.2d 769 (App. Div. 1995).

For the conduct at issue to be consumer-oriented, it must have a broad impact on consumers at large. *See, e.g., Exxonmobil Inter-America, Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F. Supp. 2d 443, 447-49 (S.D.N.Y. 2004); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995). "Private contract disputes, unique to the parties . . . would not fall within the ambit of the statute." *Vitolo v. Mentor H/S, Inc.*, 426 F. Supp. 2d 28, 34 (E.D.N.Y. 2006) (internal quotation marks and citation omitted); *see also Denenberg v. Rosen*, 71 A.D.3d 187, 897 N.Y.S.2d 391, 396 (App. Div. 2010) (noting that "this is essentially a private dispute among the parties . . . rather than conduct affecting the consuming public at large"); *Sec. Mut. Life Ins. Co. v. DiPasquale*, 283

A.D.2d 182, 724 N.Y.S.2d 594, 594 (App. Div. 2001) (finding a claim under § 349 unviable because it "essentially alleges a private contract dispute . . . unique to the parties, rather than conduct that affects the consumers at large").

Although the instant action focuses on damages directly sustained by the Plaintiff's here again they sufficiently pleads all elements to maintain a cause of action against Defendants for violation of General Business Law § 349 - that mortgage lending is a consumer-orientated practice; that WMC and its agent, LIHMC, were materially misleading and deceptive in soliciting, originating, underwriting, closing and funding the subject mortgage loan, i.e. that Plaintiffs would receive cash out in an amount greater than received at the closing, and that Plaintiff was damages as a result thereof, including the pending foreclosure of the subject premises.  And, again, without conducting discovery Plaintiff cannot present evidence how Defendants actions impacted other consumers at large.  Thus, in light of the above it is clear that Defendants Motions to Dismiss her General Business Law § 349 must be denied.

## POINT IV

### PLAINTIFF SUFFICIENTLY PLEAD A CAUSE OF ACTION FOR FRAUD

Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001).  See *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148, 163 (S.D.N.Y. 2008).

Claims of fraud must be "stated with particularity." Fed. R. Civ. P. 9(b). "The purpose of Rule 9(b) is to protect the defending party's reputation, to discourage meritless accusations, and

13

to provide detailed notice of fraud claims to defending parties," *Shields v. Citytrust Bancorp, Inc,* 25 F.3d 1124, 1128 (2d Cir.1994). The Plaintiff must specifically describe the acts alleged to be fraudulent and provide some factual basis that creates a plausible inference of fraudulent intent. *See generally Sharp Int'l Corp. v. State Street Bank and Trust Co., (In re Sharp Int'l Corp.),* 403 F.3d 43, 56 (2d Cir. 2005) (finding the details and purposes of an alleged fraudulent transfer to be inadequately pleaded). The Second Circuit has found that an inference of fraudulent intent "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp., Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994).

Courts in this District have made it clear that if the complaint connects the Defendants' fraud with Plaintiff's purported loss within the 'short and plain' statement standard of Rule8(a), then that is all that is necessary at this stage of litigation. See *CompuDyne Corp. v. Shane,* 453 F. Supp. 2d 807, 828 (S.D.N.Y. 2006). Furthermore, the Rule's pleading requirements are relaxed when the allegations relate to matters peculiarly within defendants' knowledge or possession, see *Tribune Co. v. Purcigliotti,* 869 F. Supp. 1076, 1088 (S.D.N.Y. 1994), *aff'd sub nom., Tribune Co. v. Abiola,* 66 F.3d 12 (2d Cir. 1995), such as in the instant action also.

Here, Plaintiffs set forth with particularity in their Complaint and supporting Affidavit that, among other things, Defendants misrepresented to and concealed material facts from Plaintiffs to deceive Plaintiff and induce her into entering into the subject mortgage loans that were unaffordable to her and that Plaintiff reasonably and justifiably relied on these misrepresentations to her detriment resulting in her default on the mortgage obligations, damage to Plaintiff's credit, impairment of title to the subject premises and a pending judgment of

14

foreclosure and sale being entered in Supreme Court, Nassau County. Plaintiffs were also promised by LIHMC that they would receive cash up front in an amount greater than $8,000, at the time of closing of the subject mortgage loan and paid an excessive broker origination fee at the closing.

Thus, Plaintiffs plead the elements of fraud with sufficient particularity, C.P.L.R. § 3016(b); *Sargiss v. Magarelli*, 12 NY3d 527, 530-31, 909 N.E.2d 573, 881 N.Y.S.2d 651 (2009); *Pludeman v. Northern Leasing Systems, Inc.*, 10 NY3d 486, 491-92, 890 N.E.2d 184, 860 N.Y.S.2d 422 (2008), because they supports their claim that LIHMC acted as WMC's agent with their pleading and Plaintiff's Affidavit attesting as follows. Moreover, even if Plaintiffs failed to raise a factual question of WMC's involvement in the fraud through LIHMC as its agent, still Defendants raise a factual question whether WMC had constructive knowledge of the fraud.

If WMC, upon a reasonably diligent inquiry, would have discovered any facts that would have caused a reasonably prudent lender or mortgagee to question the transaction, WMC is charged with notice of those facts, which may be fatal to a claim that the bank obtained the mortgage in good faith. RPL § 266; *Maiorano v. Garson*, 65 AD3d 1300, 1302-1303, 886 N.Y.S.2d 190 (2d Dep't 2009); *Booth v. Ameriquest Mortgage Co.*, 63 AD3d 769, 881 N.Y.S.2d 152 (2d Dep't 2009); *Skiff-Murray v. Murray*, 17 AD3d 807, 809-810, 793 N.Y.S.2d 243 (3d Dep't 2005); *Miner v. Edwards*, 221 AD2d 934, 634 N.Y.S.2d 306 (4th Dep't 1995). *See Rosenzweig v. Givens*, 13 NY3d at 776; *Majer v. Schmidt*, 169 AD2d 501, 503-504, 564 N.Y.S.2d 722 (1st Dep't 1991)

In light of the above, it is clear that Plaintiff plead with particularity all elements for a plausible cause of action for fraud. The majority of the supporting evidence is contained within Defendants' origination and underwriting files that Plaintiffs do not have pre-litigation access

and or is exclusive knowledge of Defendants' employees. Accordingly, Plaintiffs are entitled to conduct discovery in order to present evidence in support of her fraud claim against Defendants, and, thus Defendants' Motions to Dismiss their fraud causes of action must be denied.

## POINT V

### PLAINTIFFS SHOULD BE GRANTED LEAVE TO SERVE AND FILE AN AMENDED COMPLAINT

In the event Motion is granted, Plaintiff should be granted leave to further amend the complaint - *Fed. R. Civ. P. 15(a)* (requiring that courts "freely" grant leave to amend "when justice so requires"); *see Cohen v. Citibank*, 1997 U.S. Dist. LEXIS 2112, 1997 WL 88378, *2 (S.D.N.Y. Feb. 28, 1997) ("[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead."). Because the Court dismisses the Complaint against Defendants for failure to state a claim with sufficient particularity, it would not be futile to grant Plaintiffs leave to amend the Complaint. *See American Broadcasting Companies, Inc. v. Flying J, Inc.*, 2007 U.S. Dist. LEXIS 13252, 2007 WL 583176, *11 (S.D.N.Y. Feb. 22, 2007) (Batts, J.) ("Absent a showing of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the futility of the amendment, a plaintiff should be granted leave to replead."). Thus, in any event, Plaintiffs should be granted leave to serve and file an Amended Complaint.

## CONCLUSION

In short, this Court must deny WMC's Motion to dismiss Plaintiff's Complaint in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: Levittown, New York
       March 28, 2012

_____
Kenneth S. Pelsinger, Esq.

16